UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JUAN M. GOMEZ, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                                  Plaintiff,

                    -against-

RCI PLUMBING CORP.,
and LIQUID PLUMBING CORP.,
and ROBERT CUCUZZA, individually,

                                Defendants.
--------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

       Plaintiff, JUAN M. GOMEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against RCI PLUMBING CORP. ("RCI"), and LIQUID PLUMBING CORP. ("Liquid"), and ROBERT CUCUZZA ("Cucuzza"), individually, (all, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1.    This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide employees with wage statements containing specific categories of accurate information on each payday,

1

NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two plumbing corporations that operate as a single enterprise and that business's chief executive officer - - as a plumber from March 25, 2012 until January 20, 2017. As described below, throughout the entirety of his employment, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, for the entirety of his employment, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each workweek, but Defendants intentionally failed to pay Plaintiff the statutorily required overtime premium for all hours that he worked beyond forty per week, and instead paid Plaintiff only "straight time" for all hours worked.

3. Furthermore, Defendants failed to provide Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of Plaintiff's hire, as the NYLL requires.

4. Defendants paid and treated all of their plumbers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons

similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district while all Defendants reside within New York, and pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, NYLL, and the NYCCRR.

10.      At all relevant times herein, Defendant RCI was and is a New York corporation with its principal place of business located at 545 Midland Avenue, Staten Island, New York, 10306.

11.      At all relevant times herein, Defendant Liquid was and is a New York corporation with its principal place of business located at 545 Midland Avenue, Staten Island, New York, 10306.

12.      At all relevant times herein, Defendant Cucuzza was and is the Chief Executive Officer ("CEO") of RCI, who oversaw the day-to-day operations of RCI, was ultimately responsible for all matters with respect to the terms of employment of RCI's employees, including

Plaintiff, and who had the power to hire and fire its employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, and who was responsible for maintaining employment records.

13.    Defendants RCI and Liquid, in all respects, operate as a single enterprise as if they were one and the same.  Upon information and belief, RCI and Liquid share interrelated operations, a centralized control of labor relations, common members of management, and common financial control within their businesses.  Indeed, RCI and Liquid share a common facility at their mutual principal place of business at 547 Midland Avenue, Staten Island, New York 10306.  Additionally, Plaintiff and employees of RCI and Liquid cannot ascertain which corporation is their employer or which corporation they are performing services for at any given time.  Moreover, Plaintiff receives compensation from both corporations, as he is paid by check from RCI for his first forty hours worked per week and by check from Liquid for all hours worked beyond forty per week in a flagrant attempt by Defendants to avoid paying Plaintiff's full wages owed for overtime under the FLSA and NYLL.

14.    At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, Defendants RCI's and Liquid's qualifying annual businesses together exceeded and exceeds $500,000.00, and Defendants are engaged in interstate commerce within the meaning of the FLSA as Defendants engaged in purchasing plumbing supplies and tools, and installing various plumbing supplies, that have travelled in interstate commerce and were purchased from suppliers outside of New York only to be installed within New York.  Moreover, Defendants accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-

state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, during the applicable FLSA limitations period, performed any work for RCI and/or Liquid as a plumber, or in a similar role, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

16.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17.     At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

18.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP

23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated

who, during the applicable limitations period, were subjected to violations of the NYLL and the

NYCCRR.

20.     Under FRCP 23(b)(3), Plaintiff must plead that:

      a.     The class is so numerous that joinder is impracticable;

      b.     There are questions of law or fact common to the class that predominate

           over any individual questions of law or fact;

      c.     Claims or defenses of the representative are typical of the class;

      d.     The representative will fairly and adequately protect the class; and

      e.     A class action is superior to other methods of adjudication.

21.     Plaintiff seeks certification of the following FRCP 23 class:

Current and former employees who, during the applicable NYLL
limitations period, performed any work for RCI and/or Liquid in
New York as a plumber, or in a similar role, who: (1) did not receive
compensation at the legally-required overtime wage rate of pay for
each hour worked per week over forty; and/or (2) were not provided
with accurate wage statements on each payday pursuant to NYLL §
195(3); and/or (3) were not provided with a wage notice at the time
of hire pursuant to NYLL § 195(1).

### Numerosity

22.     During the previous six years the Defendants have, in total, employed at least forty

employees that are putative members of this class.

### Common Questions of Law and/or Fact

23.     There are questions of law and fact common to each and every Rule 23 Plaintiff

that predominate over any questions solely affecting individual members of the FRCP 23 class,

including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether the Defendants furnished Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (7) whether the Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (8) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (11) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

24.    As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as: the Rule 23 Plaintiffs work and/or have worked for RCI and/or Liquid as non-managerial employees; the Defendants did not pay them overtime pay for all hours worked in a week over forty; and/or the Defendants did not provide them with accurate wage statements on each payday; and/or an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours, and to be

furnished with accurate wage statements on each payday and an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

25.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime premiums for all hours worked over forty hours in a week, and did not furnish Plaintiff with accurate wage statements on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

26.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27.     Any lawsuit brought by any "plumber" would be identical to a suit brought by any other similar employee of Defendants for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

28.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

29.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

30.     Defendants employed Plaintiff as a "plumber" from on or about March 25, 2012 until on or about January 20, 2017.

31.     Throughout his employment, as its name suggests, Plaintiff's duties primarily involved installing plumbing at work sites for new buildings under construction by Defendants. However, Plaintiff also repaired preexisting plumbing in certain buildings at Defendants' direction, among other duties as required at Defendants' respective job sites.

32.     Plaintiff regularly worked for Defendants in Brooklyn and Manhattan.

33.     From in or about March 2012 until in or about September 2015, Defendants required Plaintiff to work six days per week on each weekday from 7:00 a.m. until at least 7:00 p.m., and sometimes as late as 10:00 p.m., and on each Saturday from 7:00 a.m. until 3:30 p.m. Plaintiff received an uninterrupted thirty-minute meal break during only about half of the days that he worked.  Thus, by approximation, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between sixty-seven and eighty-two hours each workweek.

34.     From in or about October 2015 until on or about January 20, 2017, Defendants required Plaintiff to work six days per week on each weekday from 7:00 a.m. until at least 6:00 p.m., and sometimes as late as 7:00 p.m., and on each Saturday from 7:00 a.m. until approximately

3:30 p.m. Plaintiff continued to receive an uninterrupted thirty-minute meal break during only about half of the days that he worked. Thus, by approximation, throughout this period, Defendants required Plaintiff to work, and Plaintiff did routinely work, between sixty-two to sixty-seven hours each workweek.

35. For example, during the workweek of December 15 through December 21, 2014, Defendants required Plaintiff to work, and Plaintiff did work, from 7:00 a.m. until 7:30 p.m. during each weekday, and from 7:00 a.m. until 3:30 p.m. on Saturday, while receiving a thirty-minute uninterrupted meal break during only three days that week, for a total of sixty-nine and one-half hours worked that week.

36. As a second example, during the workweek of November 21 through November 27, 2016, Defendants required Plaintiff to work, and Plaintiff did work, from 7:30 a.m. through 6:30 p.m. on Monday, Tuesday, Wednesday, and Friday, and from 7:00 a.m. until 3:30 p.m. on Saturday, while receiving a thirty-minute uninterrupted meal break during only three days that week, for a total of fifty-one hours worked that week.

37. For each workweek that Plaintiff worked from March 25, 2012 until on or about October 19, 2014, Defendants paid Plaintiff $15.00 per hour for all hours worked, including those in excess of forty per week.

38. For each workweek that Plaintiff worked from on or about October 20, 2014 until on or about March 1, 2015, Defendants paid Plaintiff $18.00 per hour for all hours worked, including those in excess of forty per week.

39. For each workweek that Plaintiff worked from on or about March 2, 2015 until on or about May 15, 2016, Defendants paid Plaintiff $22.00 per hour for all hours worked, including those in excess of forty per week.

40.     For each workweek that Plaintiff worked from on or about May 16, 2016 until on or about January 20, 2017, Defendants paid Plaintiff $25.00 per hour for all hours worked, including those in excess of forty per week.

41.     Thus, throughout his employment, Defendants did not pay Plaintiff at the overtime rate of one and one-half times his regular rate of pay for any hours that he worked in excess of forty per week, and instead paid him at his straight-time rate for those hours.

42.     Defendants paid Plaintiff on a weekly basis.

43.     To avoid paying Plaintiff overtime premiums, Defendants paid Plaintiff for his first forty hours worked on a payroll check from RCI, and for the remainder of his hours worked on a payroll check from Liquid.

44.     Thus, on each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: his actual hours worked for that week or his overtime rates of pay for all hours worked.

45.     Defendants also did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed Plaintiff's rate of pay and basis thereof, his employers' name, physical address of their main office, mailing address if it differs, and telephone number, and any "doing business as" names used by his employers.

46.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

47.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

48.     Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

49.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

51.    As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

53.    Defendants willfully violated the FLSA.

54.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL and the NYCCRR*

56.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

58.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCCRR.

59.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

60.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

62.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

64.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCCRR.

65.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

66.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

67.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

68.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     N.Y. Lab. Law § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

70.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

71.     As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with any wage notice at hire, let alone one accurately containing all of the criteria required under the NYLL.

72.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00.

73.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

74.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.     Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.     All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and a service payment to Plaintiff;

i.     Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

j.     Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further

relief as this Court finds necessary and proper.

Dated:  New York, New York
        June 1, 2017

                                    Respectfully submitted,

                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    655 Third Avenue, Suite 1821
                                    New York, New York 10017
                                    Tel.: (212) 679 - 5000
                                    Fax: (212) 679 - 5005

                      By:     _____
                                    DAVID D. BARNHORN, ESQ. (DB 9685)
                                    ALEXANDER T. COLEMAN, ESQ. (AC 8151)
                                    MICHAEL J. BORRELLI, ESQ. (MB 8533)